UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Tristan Tanner,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>Checkr, Inc. and Walmart, Inc., d/b/a SPARK,<br><br>　　　　Defendants. | Case No:<br><br>**JURY TRIAL DEMAND** |

**COMPLAINT**

Plaintiff Tristan Tanner ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Checkr ("*Checkr*" or "*CRA Defendant*") and Walmart Inc., d/b/a SPARK ("*Walmart*" or "*Employer Defendant*") (CRA Defendant and Employer Defendant may be hereinafter referred to as "*Defendants*") as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq*.

2. This action seeks relief against Checkr for reporting inaccurate and/or misleading information on Plaintiff's consumer report in violation of § 1681e(b), for its failure to conduct a reasonable investigation into Plaintiff's disputes in violation of § 1681i(a) and for its failure to comply with the longstanding requirements to ensure that the adverse public record information reported in its consumer reports is complete and up to date as required under Section 15 U.S.C. § 1681k(a).

3. Plaintiff also seeks relief against Walmart for denying Plaintiff employment in reliance on information contained in the consumer background report without first providing him with: (a) a pre-adverse action disclosure which includes a copy of his consumer report and a description in writing of his rights under the FCRA; and (b) a pre-adverse action opportunity to

1

dispute the accuracy or completeness of the reported information in violation of 15 U.S.C. § 1681b(b)(3).

4. Plaintiff seeks an Order enjoining Defendants' injurious conduct and to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

5. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: lost wages and benefits, anxiety; emotional distress; increased debts; humiliation; depression; loss of enjoyment of life; embarrassment; extensive time spent to rectify his background report; frustration and mental anguish; unable to continue to pay monthly bills; dissemination of this inaccurate reporting; unfair adverse action; out of pocket cost in time and money seeking new employment.

6. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in their violative behaviors.

## JURISDICTION AND VENUE

7. Jurisdiction of the Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## PARTIES

9. Plaintiff Tristan Tanner is an adult who is a citizen of the State of Connecticut residing in New London County.

10. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

11. Defendant Walmart is a corporation incorporated in Delaware and has a principal place of business located at 702 SW 8th Street, Bentonville, AK 72716.

12. Defendant Walmart conducts substantial business and maintains offices in this state and judicial district.

13. Defendant Walmart is a "person" as that term is defined by 15 U.S.C. § 1681a(b). and uses consumer reports and investigative reports for employment purposes.

14. Defendant Checkr is a corporation which has a principal place of business located at 1 Montgomery Street, Ste 2400, San Francisco, CA 94110.

15. Defendant Checkr is a Consumer Reporting Agency ("*CRA*") as defined under 15 U.S.C. 1681a(f), that regularly conducts business in this judicial district.

16. Defendant Checkr by contractual agreement, disseminates consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

17. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

> (1) The banking system is dependent upon fair *and accurate* credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

18. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

19. CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions

3

involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

20. The FCRA gives consumer the right to obtain copies of their consumer reports because Congress deemed that it is critical that consumers are aware that if an employer intends to procure a report or has already procured a report and plans to take adverse action based on the report's contents, that the consumer can review the report to ensure it does not contain any errors. These disclosure requirements under the FCRA are particularly important to consumer because consumers need to know when and how they are going to be evaluated for employment based on a consumer report.

21. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under FCRA so that the consumer information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

22. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

23. Plaintiff Tristan Tanner is a delivery driver for "Spark by Walmart" a crowd-sourced delivery platform which employs drivers such as Plaintiff for delivery of Walmart store goods to Walmart customers.

24. Plaintiff used his personal vehicle to make deliveries to Walmart customers through the Spark mobile phone app.

25. Plaintiff relies on his personal vehicle and use of the Spark App as a source of income for himself and his family.

26. On or around January 25, 2024, in accordance with his usual schedule, Plaintiff logged into the Spark App to commence work as a Spark Driver. Once logged in, Plaintiff realized that his ability to use the Spark App was revoked (the "*Adverse Decision*") as the account was deactivated.

27. Unable to ascertain why his use of the Spark App was revoked, Plaintiff notified Spark/Walmart that the Spark App had been deactivated.

28. At no time prior to the Adverse Decision, did Plaintiff receive notice that public information was being reported that could potentially impact his employment.

29. At no time prior to the Adverse Decision was Plaintiff offered a copy of his consumer background report by Walmart or Checkr.

30. At no time prior to the Adverse Decision was Plaintiff provided with a summary of his rights to dispute the accuracy or completeness of the consumer report.

31. At no time after the Adverse Decision, did Walmart provide Plaintiff with a copy of the report relied upon to make its decision against Plaintiff.

32. At no time after the Adverse Decision was Plaintiff provided with a summary of his rights to dispute the accuracy or completeness of the report.

33. At no time after the Adverse Decision, did Walmart provide Plaintiff with the name, address, and phone number of the company that furnished the consumer report to Walmart.

34. On January 30, 2024, Plaintiff received an email from Checkr stating "information is being reported that could potentially impact your employment or engagement. It is important that you review your report."

35. Unsure why this had happened, Plaintiff reviewed his background report and discovered that Checkr reported to Walmart that his driver's license was "EXPIRED" as of January 25, 2024.

36. Plaintiff's current driver's license was issued on December 18, 2017, and does not expire until March 16, 2027.

37. As such, Checkr reflected inaccurate information regarding Plaintiff's license, causing him to be denied the opportunity to derive income by working with the Spark App.

38. Frustrated and confused, Plaintiff decided to appeal the decision by sending an online dispute notice directly to Checkr. Within the notice, Plaintiff included his personal identifying information and a copy of his driver's license which reflected that his license had a current status and would not be expired until March 2027.

39. Upon information and belief, Checkr received Plaintiff's dispute, along with a copy of his driver's license displaying his license expiration as March 2027.

40. Following Defendant's thirty (30) day FCRA investigation period, Checkr failed to conduct a reasonable investigation and modify Plaintiff's driver's license information to reflect accurately.

41. As a result, Plaintiff's background report remained inaccurate, preventing him from earning income through use of the Spark App, which caused Plaintiff financial difficulties.

42. Upon information and belief, Checkr either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate information as accurate.

43. Had Checkr performed a reasonable investigation, the driver's license information at issue would have been modified to reflect that the Plaintiff driver's license was not "EXPIRED" on January 25, 2024, but remained current until March 2027.

44. Upon information and belief, Checkr did not vet or verify its information or information source and failed to consider Plaintiff's driver's license that was attached to his online dispute.

45. As such, Checkr failed to practice and maintain reasonable procedures to assure maximum possible accuracy.

46. Furthermore, Checkr failed to ensure that the public information retained in its database was complete and up to date.

47. As a result of Defendant's conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: lost wages and benefits; anxiety; emotional distress; increased debts; humiliation; depression; loss of enjoyment of life; embarrassment; extensive time spent to rectify his background report; frustration and mental anguish; unable to continue to pay monthly bills; dissemination of this inaccurate reporting; unfair adverse action; out of pocket cost in time and money seeking new employment.

## COUNT I
### CRA Defendant's Violations of the FCRA, 15 U.S.C. § 1681e(b)

48. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated at length herein below.

49. CRA Defendant systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports and consumer files it published and maintained concerning Plaintiff.

50. Upon information and belief, CRA Defendant conduct in the instant matter is representative of its normal policies and procedures (or lack thereof) for maintaining accurate consumer reporting.

6

51. In violation of §§ 1681e(b), CRA Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

52. As a result of CRA Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

53. In violation of § 1681o and § 1681n CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury.

54. CRA Defendant is liable to Plaintiff for its negligent and willful failures to follow reasonable policies and procedures.

55. As a result of CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

56. For the foregoing reasons, CRA Defendant violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o Defendant systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's consumer reports and consumer files it published and maintained concerning Plaintiff.

## COUNT II
**CRA Defendant's Violations of the FCRA, 15 U.S.C. § 1681k(a) *et seq.***

57. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

58. The FCRA imposes specific requirements on consumer reporting agencies, like Defendant, that sell and distribute a consumer report for employment purposes that include public records.

59. Specifically, 15 U.S.C. § 1681k(a) requires that a consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall (1) at the time such public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is reported to the user of such consumer

report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. For purposes of this paragraph, items of public record relating to arrests, indictments, convictions, suits, tax liens, and outstanding judgements shall be considered up to date if the current record status of the item of the report is reported.

60. Upon information and belief, CRA Defendant violated 15 U.S.C. § 1681k(a) because it failed to notify Plaintiff of the adverse public record information it had provided to Walmart at the time it provided his consumer report to Walmart, and it failed to maintain strict procedures to ensure the adverse information it reported about Plaintiff was complete and up to date.

61. CRA Defendant's consumer report about Plaintiff was furnished for an employment purpose and contained one or more public records of the type that may (and did) adversely affect an employer's decision to retain Plaintiff as a Spark Driver.

62. Plaintiff did not learn of the adverse information in Defendant's consumer report until Spark deactivated his account making it impossible to commence work.

63. Plaintiff did not even know that CRA Defendant had provided a consumer report for employment purposes (which included adverse public record information) to Walmart until after Walmart had decided to revoke his access to the Spark App.

64. CRA Defendant's consumer report about Plaintiff provided to Walmart included inaccurate and false information that conflicted with the information available in the public record.

65. CRA Defendant failed to comply with the rigors of 15 U.S.C. 1681k(a) and therefore must necessarily rely upon its compliance with 15 U.S.C. § 1681k(a).

66. Upon information and belief, CRA Defendant did not itself, or by its own research or vendors, attempt to verify the completeness or current status of the public records pursuant to 15 U.S.C. §1681k(a), within (30) thirty days, before it furnishes and resells these records in one of its reports.

67. CRA Defendant violated 15 U.S.C. § 1681k(a) by failing to provide the required FCRA notices to Plaintiff.

8

68. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including but not limited to: delayed employment, wages, and benefits; loss of time and money trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; lasting psychological damage; loss of capacity for enjoyment of life; emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

69. CRA Defendant willfully violated 15 U.S.C. § 1681k(a) in that its conduct, actions, and inactions were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. 1681n. Alternatively, it was negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

70. For the foregoing reasons, CRA Defendant violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT III
### Defendant's Violations of the FCRA, 15 U.S.C. § 1681i *et seq.*

71. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

72. CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's background report.

73. CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information within its consumer file or relying upon and parroting consumer data from other third person(s) of Plaintiff's public and non-public information.

74. CRA Defendant violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide a public or non-public person(s) all of the relevant information regarding Plaintiff and his dispute.

75. CRA Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

76. CRA Defendant violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly update the disputed inaccurate information from Plaintiff's consumer file or correct the inaccurate information upon reinvestigation.

77. Upon information and belief, CRA Defendant never contacted Plaintiff to follow up on, verifying and/or elicit more specific information about Plaintiff's dispute.

78. Upon information and belief, CRA Defendant either failed to perform any investigation at all or performed an unreasonable investigation and erroneously verified the inaccurate information as accurate.

79. Plaintiff made consistent attempts to request that CRA Defendant investigate the inaccurate data. Had CRA Defendant performed a reasonable investigation, the inaccurate background information at issue would have been updated from Plaintiff's file entirely.

80. As a result of CRA Defendant's violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

81. CRA Defendant violations were willful because it had knowledge of the issue after receiving a detailed dispute letter and/or exhibited a reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82. In the alternative, Defendant was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

83. For the foregoing reasons, CRA Defendant violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## <u>COUNT IV</u>
**Employer Defendant's Violations of the FCRA, 15 U.S.C. § 1681b(b)(3)**

84. Plaintiff repeats and realleges paragraphs as fully restated herein.

85. Pursuant to 15 U.S.C. § 1681b(b)(3), the FCRA requires that prior to taking any adverse action against an employee or employment applicant based on information contained in a consumer report obtained from a consumer reporting agency, an employer must provide the employee or employment applicant with: (a) a pre-adverse action disclosure which includes a copy of the employee's consumer report obtained from a consumer reporting agency and a description in writing of the employee's rights under the FCRA; and (b) a pre-adverse adverse action opportunity to dispute the accuracy or completeness of the reported information before any adverse action is taken. Pursuant to §1681a(k), the definition of "adverse action" for purposes of the FCRA includes "a denial of employment or any other decision for employment purposes that adversely

affects any current or prospective employee".

86. 15 U.S.C. § 1681b(b)(3)(A) requires that all employers who use consumer reports provide a copy of the report to the affected consumer before any adverse action is taken. Employers must comply with this provision even where the information contained in the report would automatically disqualify the individual from employment or lead to an adverse employment action.

87. 15 U.S.C. § 1681b(b)(3)(B) requires all employers who use consumer reports to provide (i) notice that adverse action has been taken in whole or in part on a consume report received from a CRA; (ii) the name, address and telephone number of the CRA that furnished the consumer report (iii) that the CRA did not make the decision to take the adverse action and is unable to provide to the consumer the specific reasons why the adverse action was taken; and (iv) notification that the consumer may, upon providing proper identification, request a free copy of a report and may dispute the accuracy or completeness of report with the CRA.

88. Upon information and belief, Employer Defendant had a policy, procedure, pattern, decision, practice and custom of requesting a consumer background report containing inaccurate background information on all employees and employment applicants and of taking adverse employment action based on information contained in those reports without providing employee or employment applicants: (a) an adverse action disclosure containing a copy of the consumer report obtained from the consumer reporting agency and a description in writing of the employee's rights under the FCRA; and/or (b) a pre-adverse action opportunity to dispute the accuracy of the reported information.

89. On January 25, 2024, Employer Defendant willfully failed to provide Plaintiff with (a) a pre-adverse action disclosure containing a copy of the consumer report and a description of his rights under the FCRA; and (b) an adverse action opportunity to dispute the accuracy or completeness of the information contained in the consumer report as required by 15 U.S.C. § 1681b(b)(3).

90. Prior to the Adverse Decision, Plaintiff was entitled to a pre-adverse action, and

Plaintiff did not receive such notice in writing.

91. Prior to the Adverse Decision, Plaintiff was entitled to a "Summary of Rights under the Fair Credit Reporting Act" and Plaintiff did not receive a summary of his rights.

92. Prior to the Adverse Decision, Plaintiff was entitled to a written or electronic adverse action notice. At no time prior to or after the deactivation of the Spark App did Plaintiff receive an adverse action notice in writing compliant with 15 U.S.C. § 1681b(b)(3) requirements.

93. Employer Defendant's willful conduct and failure to provide Plaintiff with a pre-adverse action notice, rendered it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

94. Employer Defendant's willful conduct and failure to provide Plaintiff with a sufficient adverse action notice, rendered it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

95. Employer Defendant's willful conduct and failure to provide Plaintiff with a summary of his rights under FCRA, rendered it liable for statutory and punitive damages pursuant to 15 U.S.C. § 1681n.

96. In the alternative, Employer Defendant negligently failed to provide Plaintiff with (a) a pre-adverse action disclosure containing a copy of the consumer report and a description of his rights under the FCRA; and (b) an adverse action opportunity to dispute the accuracy or completeness of the information continued in the consumer report as required by 15 U.S.C. § 1681b(b)(3).

97. In the alternative, Employer Defendants' negligent violation of 15 U.S.C. § 1681b(b)(3) has caused damages to Plaintiff for which it are liable under 15 U.S.C. § 1681o.

98. For the foregoing reasons, in violation of 15 U.S.C. § 1681b(b)(3), Plaintiff respectfully requests that this Court award actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

**JURY DEMAND**

99. Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests the Court enter judgment against Defendants, as follows:

- a  Adjudging that Defendants' actions violated the FCRA;
- b  Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's consumer report;
- c  Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);
- d  Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);
- e  Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);
- f  Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);
- g  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and
- h  Such other and further relief as the Court determines is just and proper.

DATED: April 29, 2024

**SANDERS LAW GROUP**

By: */s Craig B. Sanders*
Craig B. Sanders, Esq.
Nicola Richards, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: csanders@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7614
Fax: (516) 282-7878
*Attorneys for Plaintiff*
Our File No.: 129658